UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY LURAY REDDELL,

Petitioner,

v.

CASE NO. 09-12781
HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

Respondent.
_______________________________/

**ORDER DENYING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF**

Petitioner Bobby Luray Reddell has filed a *pro se* habeas corpus petition challenging his state conviction for first-degree criminal sexual conduct. He pleaded guilty to the offense and was sentenced to prison for a minimum of nine years, eight months and for a maximum of thirty years. The habeas petition alleges that the plea agreement was illusory, that the Michigan Court of Appeals erred when it dismissed his appeal for lack of jurisdiction, and that Petitioner was denied a hearing on the issue of competence to stand trial or plead guilty.

Currently pending before the Court is Petitioner's motion for injunctive relief. Petitioner claims that members of the Michigan Parole Board recently denied him release on parole and recommended sex offender therapy. Petitioner alleges that he must admit guilt in his criminal case in order to complete sex offender therapy and if he refuses to admit guilt, he will be expelled from group therapy and denied parole in the future. He seeks to have the Court order Respondent to show cause why he should not be enjoined from compelling Petitioner to violate his right against self incrimination

during the pendency of this habeas action.

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing *Canal Auth. of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). Thus, a preliminary injunction is appropriate when granting "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

Petitioner's request for injunctive relief deals with a matter that is completely unrelated to the issues in the habeas petition. It lies "wholly outside the issues in the suit" and involves an issue "which in no circumstances can be dealt with in any final injunction that may be entered. " *Id*. Consequently, preliminary injunctive relief would not preserve the status quo pending a hearing on the merits. "The fact that [Petitioner] has a lawsuit pending does not entitle him to use that action as a launching pad for subsequent unrelated requests for injunctive relief." *Higgason v. Swihart*, 1994 WL 818229, at *5 (N.D. Ind. Dec. 16, 1994) (unpublished). Accordingly, Petitioner's motion for injunctive relief [Dkt. #5] is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 19, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bobby Luray Reddell by electronic means or U.S. Mail on October 19, 2009.

s/Linda Vertriest
Deputy Clerk