UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY LURAY REDDELL,

    Petitioner,

v.                                         CASE NO. 09-12781
                                            HONORABLE VICTORIA A. ROBERTS
BLAINE LAFLER,

    Respondent.

_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING PETITIONER'S MOTION FOR RECONSIDERATION,
DENYING A CERTIFICATE OF APPEALABILITY, BUT
GRANTING *IN FORMA PAUPERIS* STATUS ON APPEAL**

This matter is pending before the Court on petitioner Bobby Luray Reddell's *pro se* habeas corpus petition and respondent Blaine Lafler's motion to dismiss the petition. Also pending before the Court is Petitioner's motion for reconsideration of the Court's order denying his motion for injunctive relief. The Court has determined that Petitioner's claims are barred by the statute of limitations, that the claims also lack merit, and that Petitioner is not entitled to the injunctive relief he seeks. Consequently, Respondent's motion to dismiss shall be granted and Petitioner's motion for reconsideration shall be denied.

**I. Background**

**A. The Charges, Plea, and Sentence**

Petitioner was charged in Cheboygan County, Michigan with two counts of first-

degree criminal sexual conduct and two counts of second-degree criminal sexual conduct involving his daughter, who was fifteen years old at the time. The trial court ordered a competency examination and after the Forensic Center filed its report, the trial court held a competency hearing and found Petitioner competent to stand trial.

On November 13, 2000, Petitioner pleaded guilty to one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, in return for the dismissal of the other counts and a minimum sentence of nine years, eight months. On December 19, 2000, the trial court sentenced Petitioner pursuant to the plea agreement to a minimum term of nine years, eight months in prison and to a maximum term of thirty years. Petitioner did not take a direct appeal from his conviction and sentence.

### B. The State Collateral Appeals

On July 27, 2007, Petitioner filed a motion for relief from judgment, which the trial court interpreted to allege that Petitioner was incompetent to stand trial and never received a hearing on the issue. The trial court denied the motion on August 1, 2007, after noting that Petitioner was evaluated for competency, received a hearing on the issue, and failed to show that he was incompetent at the time of his plea.

The trial court's order apparently was sent by mistake to an attorney who formerly represented Petitioner. Unaware of the trial court's order, Petitioner filed an amended motion for relief from judgment on October 5, 2007. The trial court treated the amended motion as a second or successive motion for relief from judgment and denied the motion on October 17, 2007. Petitioner then moved to vacate the trial court's two orders. On November 9, 2007, the trial court denied the motion on the ground that the motion had no basis in fact or law.

2

Petitioner appealed the trial court's orders dated August 1, 2007, October 17, 2007, and November 9, 2007, to the Michigan Court of Appeals, which dismissed Petitioner's appeal for lack of jurisdiction. The Court of Appeals stated that a defendant cannot appeal the denial or rejection of a successive motion for relief from judgment. The dismissal was without prejudice to Petitioner's right to file an application for leave to appeal on the competency issue decided by the trial court in its order of August 1, 2007. *See People v. Reddell*, No. 282057 (Mich. Ct. App. Dec. 27, 2007). Petitioner's subsequent appeal to the Michigan Supreme Court was denied on the ground that Petitioner's motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Reddell*, No. 135869 (Mich. Sup. Ct. July 29, 2008).

On October 23, 2008, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He alleged that the trial court deprived him of due process by failing to hold a competency hearing. The Court of Appeals dismissed Petitioner's application for lack of jurisdiction. The reason given was that Petitioner failed to file the application within twelve months of the trial court's order of August 1, 2007, as required by Michigan Court Rule 7.205(F)(3). *See People v. Reddell*, No. 288457 (Mich. Ct. App. Nov. 26, 2008). The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal because it was not persuaded to review the issue. *See People v. Reddell*, No. 138119 (Mich. Sup. Ct. June 23, 2009).

### C. The Habeas Petition and Motion for Injunctive Relief

On July 14, 2009, Petitioner filed his habeas corpus petition pursuant to 28

3

U.S.C. § 2254.[1] He alleges that: (1) the trial court failed to hold a hearing to determine his competence to stand trial and ability to plead guilty; (2) the plea bargain was illusory; (3) the trial court deprived him of a competency hearing, as required by Michigan Court Rule 6.125(E); (4) his right to due process was violated because he was adjudicated while incompetent; and (5) the Michigan Court of Appeals erred when it dismissed his appeal for lack of jurisdiction.

On August 4, 2009, Petitioner filed a motion for injunctive relief, claiming that the Michigan Parole Board denied his request for release on parole and recommended that he enroll in sex offender therapy. Petitioner complained that he was required to admit guilt in order to complete sex offender therapy and that, if he refused to admit guilt, he would be expelled from group therapy and denied parole in the future. He claimed that Respondent was compelling him to violate his right against self incrimination during the pendency of this habeas action. The Court denied Petitioner's motion because the motion addressed a matter completely unrelated to the issues in the habeas petition. Petitioner seeks reconsideration of that ruling.

Finally, on January 21, 2010, Respondent filed his motion to dismiss the habeas petition. He claims that Petitioner has failed to comply with the statute of limitations.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. §

---

[1] The petition appears to have been signed on July 7, 2009, and placed in the prison mailing system on July 10, 2009.

4

2244(d). The limitation period runs from the latest of

>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### 1. Analysis

Petitioner is not relying on a new constitutional right or newly discovered evidence, and he has not shown that state action created an impediment to filing a timely habeas petition. Therefore, section 2244(d)(1)(A) is the only applicable subsection here. "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" *Id*. at 685-86 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

Petitioner was sentenced on December 19, 2000. He had one year from the

5

date of his sentence to file an application for leave to appeal in the Michigan Court of Appeals. Mich. Ct. Rule 7.205(F)(3). Because he did not seek direct review of his conviction, his conviction became final on December 19, 2001, one year after he was sentenced. *See Jimenez v. Quarterman*, 129 S. Ct. at 685; *see also Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (explaining that the petitioner's conviction became final when his ability to file a direct appeal in the Michigan Court of Appeals expired). The one-year statute of limitations began to run on December 20, 2001, and it expired twelve months later on December 19, 2002. Petitioner filed his habeas petition more than six and a half years later on July 14, 2009.

Although the time during which a post-conviction motion is pending in state court does not count toward any period of limitation, 28 U.S.C. § 2244(d)(2), Petitioner did not file a post-conviction motion for relief from judgment until 2007. By then, the one-year limitation period had run.

### 2. Petitioner's Arguments

Petitioner maintains in a reply to Respondent's motion that the State failed to send him the trial court's order denying his motion for relief from judgment and that the clock stopped running while he was waiting for the motion to be resolved. This argument overlooks the fact that the statute of limitations expired before Petitioner filed his motion for relief from judgment. The filing of the motion did not delay the date on which the judgment became final. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Nor did it cause the statute to begin running anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The habeas petition therefore is untimely, absent equitable tolling.

Petitioner claims that he was denied a competency hearing, but the record

date of his sentence to file an application for leave to appeal in the Michigan Court of Appeals. Mich. Ct. Rule 7.205(F)(3). Because he did not seek direct review of his conviction, his conviction became final on December 19, 2001, one year after he was sentenced. *See Jimenez v. Quarterman*, 129 S. Ct. at 685; *see also Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (explaining that the petitioner's conviction became final when his ability to file a direct appeal in the Michigan Court of Appeals expired). The one-year statute of limitations began to run on December 20, 2001, and it expired twelve months later on December 19, 2002. Petitioner filed his habeas petition more than six and a half years later on July 14, 2009.

Although the time during which a post-conviction motion is pending in state court does not count toward any period of limitation, 28 U.S.C. § 2244(d)(2), Petitioner did not file a post-conviction motion for relief from judgment until 2007. By then, the one-year limitation period had run.

### 2. Petitioner's Arguments

Petitioner maintains in a reply to Respondent's motion that the State failed to send him the trial court's order denying his motion for relief from judgment and that the clock stopped running while he was waiting for the motion to be resolved. This argument overlooks the fact that the statute of limitations expired before Petitioner filed his motion for relief from judgment. The filing of the motion did not delay the date on which the judgment became final. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Nor did it cause the statute to begin running anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The habeas petition therefore is untimely, absent equitable tolling.

Petitioner claims that he was denied a competency hearing, but the record

indicates that he received a hearing on September 26, 2000. To the extent that Petitioner is seeking equitable tolling on the basis of incompetence, his argument lacks merit because he has not demonstrated that he was ever incompetent. In fact, a notation on the trial court's docket indicates that the parties stipulated to a finding of competence to stand trial. Petitioner pleaded guilty about seven weeks later, and he has not provided any documentation showing that he was incompetent at his plea or during the limitations period.

In conclusion, Petitioner has failed to show that he pursued his rights diligently and "that some extraordinary circumstance stood in his way" of filing a timely habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Accordingly, there is no basis for equitable tolling of the limitations period. The habeas petition is time-barred.

### B. On the Merits

The petition would have to be dismissed even if it were not barred by the statute of limitations, because Petitioner's claims lack merit. Claims one and three allege that the trial court failed to hold a hearing to determine Petitioner's competence to stand trial and ability to plead guilty. As noted, the record indicates that Petitioner was evaluated for competency and found competent to stand trial at a hearing held on September 26, 2000.

Claim two alleges that the plea bargain was illusory. First, Petitioner asserts that his plea was illusory because he pleaded guilty to criminal sexual conduct with "Jane Doe," an imaginary person. The victim in this case was identified as "Jane Doe" at the plea proceeding. However, Petitioner admitted at the plea proceeding that "Jane Doe" was his daughter. Thus, he did not plead guilty to criminal sexual conduct with an

7

imaginary person, and the plea agreement was not illusory.

Petitioner alleges that his plea bargain was illusory for a second reason: he pleaded guilty to the most severe charge and would have been sentenced to concurrent prison terms even if he had been convicted of all four charges. This claim has no merit because, in addition to having three counts of criminal sexual conduct dismissed, Petitioner was promised a minimum sentence of nine years, eight months. Had he gone to trial and been convicted of first-degree criminal sexual conduct, he could have been sentenced to life imprisonment. *See* Mich. Comp. Laws § 750.520b(2)(a). Thus, the plea bargain was not illusory.

Claim four alleges that Petitioner's right to due process was violated because he was adjudicated guilty while incompetent. The trial court, however, found Petitioner competent to stand trial about seven weeks before Petitioner pleaded guilty, and there is nothing in the plea transcript to indicate that Petitioner was incompetent. He was forty-one years old at the time, and he communicated effectively with his attorney and the trial court. He provided a brief factual basis for the plea and stated that everything had been explained to him. He also assured the trial court two times that it was his free choice to plead guilty. The Court finds no basis in fact for Petitioner's challenge to his competency to plead guilty.

The fifth and final claim alleges that the Michigan Court of Appeals erred when it dismissed Petitioner's application for leave to appeal for lack of jurisdiction. Petitioner claims that the Court of Appeals should not have treated his amended motion for relief from judgment as a successive motion. This claim lacks merit because "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," *Bradshaw*

*v. Richey*, 546 U.S. 74, 76 (2005), and "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

### III.  Conclusion

Petitioner's claims lack merit and are barred by the statute of limitations. Accordingly, Respondent's Motion to Dismiss [Dkt. #9] is **GRANTED**, and the habeas petition [Dkt. #1] is hereby **DISMISSED**.  Petitioner's motion for re-hearing [Dkt. #7] of the Court's order denying his motion for injunctive relief is **DENIED** because the Court is not persuaded that it was misled by a palpable defect and that correcting the defect will result in a different disposition.  Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010).

The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Nor would reasonable jurists debate the Court's procedural ruling or find it debatable whether the petition states a valid claim of the denial of a constitutional right.  *Id*.  However, if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal without further authorization from the Court because he was granted *in forma pauperis* status in this Court.  Fed. R. App. P. 24(a)(3).

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  June 15, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Bobby Luray Reddell by electronic means or U.S. Mail on June 15, 2010.

s/Carol A. Pinegar
Deputy Clerk